IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINE BENJAMINS, as parent and guardian of
minor child N.M., and VANESSA JONES, as parent
guardian of minor child K.S.,

       Plaintiffs,                                    Case No. CIV-06-0084 WJ/RLP

vs.

CHRISTOPHER ARMIJO, KEARL SLOAN, and
SOCORRO COUNTY PUBLIC SCHOOLS,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**STAYING DISCOVERY**

      **THIS MATTER** is before the court on Defendants' Motion to Stay Discovery. [Docket No. 10]. The Complaint in this matter was filed in January 31, 2006. Defendants' Answer was filed on March 7, 2006. No Provisional Discovery Plan has been entered.

      Defendants seek to stay discovery until the District Court rules on their pending Motion to Dismiss on the basis of qualified immunity.[1] Briefing on the Motion to Dismiss was completed on April 3, 2006. (Docket No. 19).

      The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992). When a motion to dismiss based on qualified immunity is filed, a

---

[1] The instant Motion is brought on behalf of all Defendants. The underlying Motion to Dismiss is filed on behalf of Defendants Sloan and Socorro Public Schools. (Docket No. 17).

court has limited discretion on whether to grant a stay of discovery, id., and should stay discovery until the court considers and determines the motion to dismiss.

Issues of the qualified immunity defense are to be resolved at the earliest opportunity, so that defendants to not lose the benefit of that defense by having to participate in discovery. Saucier v. Katz, 533 U.S. 194, 200-202 (2001). When a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery. Jiron, 392 F.3d at 414.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985) . . . "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526, 105 S.Ct. 2806 [italics in original].

Id.

In their response the instant motion and to the Motion to Dismiss, Plaintiffs contend that limited discovery is necessary with regard claims of policy/custom or lack thereof applicable to Defendants Sloan and Socorro County Public Schools in "failing to receive, investigate or act on complaints of sexual abuse at that hands of their employees." (Docket No. 14 p. 3; Docket No. 16, p. 3).

Motions to Dismiss brought pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted test the sufficiency of the complaint. Whether matters outside the pleadings are considered is within the broad discretion of the court. See Lowe v. Town of Fairland, Okl., 143 F.3d 1378, 1381 (10th Cir.1998). Plaintiffs' Response to the Motion to Dismiss has alerted the District Court to their contention that certain discovery is necessary. If the District Court agrees, the Motion to Dismiss will be

denied or taken under advisement pending completion of that discovery. At present, however, there is no basis for denying Defendants' Motion to Stay Discovery pending ruling on the Motion to Dismiss on the basis of qualified immunity.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery should be granted and that all discovery should be stayed pending disposition of Defendants' Motion to Dismiss based on qualified immunity.

                                                Richard L. Puglisi
                                          United States Magistrate Judge