IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINE BENJAMINS, as parent
andguardian of minor child N.M.,
and VANESSA JONES as parent
and guardian of minor child K.S.,

    Plaintiffs,

vs.                                                  Civil No. 06-84 WJ/RLP

CHRISTOPHER ARMIJO, KEARL
SLOAN, and SOCORRO COUNTY
PUBLIC SCHOOLS,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. 8) and Plaintiff's Motion for Page Limit Extension (Doc. 15). Plaintiff's motion will be granted in spite of Plaintiff's failure to indicate in the motion whether or not it was opposed. With regard to Defendants' motion, I conclude that it is well-taken in part, so it will be granted in part and denied in part.

**BACKGROUND**

Plaintiffs filed their Complaint in this matter on January 31, 2006. Assuming the truth of the allegations in the Complaint as this Court must on a motion to dismiss, the facts underlying this case are as follows.

In 2002, K.S. and N.M. were nine-year-old female students at San Antonio Elementary ("the school"), a Socorro County Public School. Defendant Christopher Armijo was initially hired at the school as a custodian. Sometime prior to December 2002, he was promoted to a position as a teacher's aide although he had no educational qualifications for the job and no employment experience that would qualify him for the job.

On or about December 2002, Defendant Armijo sexually molested K.S., N.M. and another nine-year-old female student by placing his hand down the inside of their pants and fondling their bottoms. This occurred while the students were in their class watching a video of "The Lion King." Shortly after the incident, the girls reported the molestation to the school principal, Defendant Kearl Sloan. Defendant Sloan accused the girls of lying and told them to get out of her office. She refused to allow K.S. to call her mother. Defendant Sloan made no investigation of the incident and did not report the incident. Defendant Armijo was permitted to continue his employment as a teacher's aide with the school.

Because of Defendant Sloan's reaction to their report, K.S. and N.M. were fearful of reporting the molestation to other authority figures or to their parents. The girls suppressed their recollection of the molestation and did not report it to their parents until approximately December 2004. N.M. and K.S. suffered severe psychological injuries and emotional distress that are likely to continue into the foreseeable future.

Defendant Socorro County Public Schools is a state agency which owns, operates and maintains the school district and all public schools within the district including the school at which Defendants Armijo and Sloan were employed. At all relevant times for the events described above, Defendants Armijo and Sloan were acting within the scope of their duties as employees of the Socorro County Public Schools.

Plaintiffs' Complaint plainly alleges claims against Defendant Armijo under 42 U.S.C. § 1983 for violation of Plaintiffs' constitutional rights under the due process and equal protection clauses of the Constitution of the United States.  Compl. ¶¶ 31 - 34.  Defendants assume in their motion to dismiss that Plaintiffs also allege constitutional violations by Defendant Sloan and Defendant Socorro County Public Schools.  Defendants note that the Complaint does not specify whether the Defendants are sued in their individual or official capacities, so assume that all Defendants are sued in all capacities.  Accordingly, Defendants assume that the individual board members of Socorro County Public Schools are sued in their individual capacities.  Defendants' motion to dismiss seeks dismissal based on qualified immunity of constitutional claims against Defendant Sloan and against the Socorro County Public School board members to the extent they may be sued here in their individual capacities.  Defendants' motion does not seek dismissal on the basis of qualified immunity of claims against Defendant Armijo in his individual capacity or against any Defendants in their official capacities.

Based on the title of Plaintiffs' Complaint, Plaintiffs allege state tort claims of negligence, sexual assault, battery, negligent and intentional infliction of emotional distress, negligent hiring and retention, and negligent supervision against Defendants.  Their motion to dismiss seeks dismissal of Plaintiffs' battery and negligent supervision claims on the basis that the New Mexico Tort Claims Act does not waive immunity for either of the claims with regard to school officials.  Defendants do not seek dismissal of any of the other state tort claims at this time.  Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

3

to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001).

"In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." Murrell v. Sch. Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1251 (10th Cir. 1999). As a result, "qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." Adkins v. Rodriguez, 59 F.3d 1034, 1036 (10th Cir. 1995). In evaluating claims of qualified immunity, a court must first determine whether a Defendant's actions, as alleged in the complaint, violated a constitutional or statutory right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If that question is answered affirmatively, a court must then determine whether the right allegedly violated has been "clearly established in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (quoting Anderson v. Creighton, 483 U.S., 635, 640 (1987)).

**DISCUSSION**

I.  DEFENDANT SLOAN AND THE SCHOOL BOARD MEMBERS ARE ENTITLED TO QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES ON PLAINTIFFS' CONSTITUTIONAL CLAIMS

Defendants note that Plaintiffs' Complaint does not name individual board members of the Socorro County Public Schools but also note that the Complaint does not specify whether any

Defendant is sued in an individual or official capacity or both. In an abundance of caution, Defendants assume for purposes of their motion that Plaintiffs intend to sue all Defendants in both capacities. As such, Defendants assume that Plaintiffs are suing the members of the school board individually by naming the Socorro County Public Schools. Defendants' motion seeks to dismiss based on qualified immunity any constitutional claims against these board members individually.

Plaintiffs' response opposes dismissal of the individual board members in their individual capacities. However, the response makes clear that Plaintiffs' constitutional claims against the Socorro County Public Schools are based on a theory regarding customs or policies for investigating and responding to reports of sexual abuse within the schools.[1] See Pls.' Resp. p. 7. These allegations are the essence of a claim against a governmental entity for governmental liability under the principles of Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). Such claims are brought against governmental entities and are not claims against individual state actors in their individual capacities. See id. Defendants' motion to dismiss is not directed at this claim.

While Plaintiffs oppose Defendants' motion to the extent it seeks dismissal of any claims asserted against individual board members in their individual capacities, Plaintiffs' response offers nothing to clarify how the Complaint states claims against these individuals in their individual capacities. It is clear that the Complaint does not state any constitutional claims against the

---

[1] Plaintiffs' Complaint does not so clearly allege a Monell-like claim against Socorro County Public Schools as a governmental entity. While it does allege that the Socorro County Public Schools had a duty to insure that employees refrain from harassment or abridgement of student rights, it does not allege that any policy or custom abridged Plaintiffs' rights. Compl. ¶ 14. Moreover, the Complaint alleges that Defendants Sloan and Armijo had a duty to enforce and abide by all Socorro County Public School policies. Compl. ¶ 28. This allegation infers that Sloan and Armijo violated policies that would have protected Plaintiffs' rights. However, because Defendants' motion does not address any Monell-like claims, see Defs.' Reply p. 1, the Court need not address whether Plaintiffs' Complaint sufficiently alleges a claim of liability against the governmental entity under 42 U.S.C. § 1983.

individual board members in their individual capacities, and any such claims will accordingly be dismissed for failure to state a claim.

Defendants seek dismissal based on qualified immunity for Defendant Sloan of all constitutional claims brought against her in her individual capacity. Plaintiffs' Complaint alleges that Defendant Sloan violated Plaintiffs' constitutional rights by accusing the girls of lying when they reported sexual abuse, by failing to investigate the allegations of sexual abuse, by refusing to allow child K.S. to call her mother regarding the incident, and by permitting Defendant Armijo to maintain his employment as a teacher's aid after the report of sexual abuse.

The primary conduct allegedly violating Plaintiffs' rights was the alleged sexual abuse by Defendant Armijo. However, Defendant Sloan may be held liable for Armijo's actions as a supervisor if she participated in or acquiesced in his conduct by refusing to reasonably respond to that conduct. Murrell, 186 F.3d at 1250. In order to be found personally liable for Defendant Armijo's conduct, Plaintiff must show that Defendant Sloan (1) received notice of a pattern of violations of Plaintiffs' constitutional rights to be free from sexual abuse at the hands of the school's employees; (2) that Defendant Sloan displayed deliberate indifference to or tacitly authorized the unconstitutional acts; (3) that Defendant Sloan failed to take proper remedial steps; and (4) that Defendant Sloan's failure to take proper remedial steps caused the Plaintiffs' constitutional injury. Gates v. Unified School District No. 449 of Leavenworth County Kan., 996 F.2d 1035, 1041 (10th Cir. 1993). There must be an affirmative link to connect the supervisor with the alleged constitutional violation. Id. at 1042.

Plaintiffs contend that they have sufficiently alleged supervisory liability on the part of Defendant Sloan because they have alleged that (1) she received notice when the girls reported to her that Defendant Armijo had reached down their pants; (2) she displayed deliberate indifference

6

by accusing the girls of lying and refusing to allow one of the girls to call her mother; (3) she failed to take proper remedial steps by failing to investigate the allegations of sexual abuse and by allowing Defendant Armijo to continue to work at the school; and (3) Defendant Sloan's conduct caused the Plaintiffs harm by causing them to fear reporting the abuse to other authority figures, to repress their recollection of the abuse, and to suffer severe psychological injuries and emotional distress including pain and suffering and other damages.

Plaintiffs' allegations with regard to the first three requirements for supervisory liability are sufficient. However, their allegations of harm for the fourth requirement are not sufficient to state a claim of supervisory liability for a constitutional violation under § 1983. Plaintiffs do not allege that Defendant Sloan's deliberate indifference led to any subsequent constitutional violation. They merely alleged that her conduct caused the Plaintiffs harm by subjecting them to emotional and psychological distress.

Section 1983 redresses constitutional violations and violations of federal statutes. In order to state a claim under § 1983, a plaintiff must allege that the state actor's conduct violated her constitutional or other federal rights. It is not sufficient to allege that a supervisor's deliberate indifference caused some type of harm such as emotional or psychological distress. Rather, a plaintiff must allege that a supervisor's deliberate indifference was causally linked to the deprivation of a constitutional right. "[L]iability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant." Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) (citing City of Canon v. Harris, 489 U.S. 378, 389 (1989). Because there is no affirmative causal link here between Sloan's alleged response to an allegation

7

of sexual abuse[2] and any subsequent constitutional deprivation, Plaintiffs have failed to allege that Defendant Sloan violated any of Plaintiffs' constitutional rights for purposes of § 1983 liability. Accordingly, Defendant Sloan is entitled to have the claims against her in her individual capacity dismissed on the basis of qualified immunity.

Even if I were to hold that Plaintiff has alleged the violation of a constitutional right, I would conclude that Defendant Sloan is entitled to qualified immunity. There is no clearly established law that permits a supervisor to be held personally liable for her employee's unconstitutional conduct merely because she fails to adequately respond to the conduct and her failure to respond causes an injury that is not itself a constitutional violation.

II.  THE NEW MEXICO TORT CLAIMS ACT ENTITLES DEFENDANTS TO DISMISSAL OF PLAINTIFFS' BATTERY CLAIM BUT NOT OF PLAINTIFFS' NEGLIGENT SUPERVISION CLAIM

   A.   Plaintiffs' Battery Claim

Defendants contend they are entitled to the dismissal of Plaintiffs' battery claims under state law because there is no relevant waiver of immunity for battery under the New Mexico Tort Claims Act. The New Mexico Tort Claims Act (NMTCA) provides that governmental entities and public employees are immune from liability for any tort committed while acting within the scope of duty except as waived by Sections 41-4-5 through 41-4-12 of the NMTCA. N.M. Stat. Ann. 1978 § 41-4-4(A). The only waiver of immunity within the NMTCA for battery and other intentional torts is found in § 41-4-12 which waives liability for such torts committed by law enforcement officers while acting within the scope of their duties.

---

[2] In holding that Sloan's conduct as alleged in the Complaint is not actionable under § 1983, I would note that this is only true because there was apparently no further abusive conduct by Defendant Armijo. Had there been any allegation of subsequent abuse, Sloan's alleged conduct would be actionable because such conduct is precisely the type of egregious indifference to the constitutional rights of others that § 1983 has been held to redress.

Plaintiffs do not allege that Defendant Armijo or any other Defendant is a law enforcement officer. Accordingly, it is clear that there is no waiver of immunity for Plaintiffs' battery claim, and Defendants are entitled to the dismissal of this claim.

Plaintiffs urge that Risk Mgmt. Div. v. McBrayer, 14 P.3d 43 (N.M. App. 2000) stands for the proposition that the NMTCA does waive immunity for battery committed by a non-law enforcement officer so long as the battery was committed by the state employee while acting within the scope of duty. In McBrayer, the court addressed whether a state employed instructor was entitled to a defense and payment of any judgment from the State of New Mexico for a civil rights lawsuit filed against him for allegedly attacking, sexually assaulting, torturing and attempting to kill a student. 14 P.3d at 45. In determining that the state owed the instructor a defense and a duty to pay any judgment resulting from the civil rights lawsuit, the court determined that a state employee could be acting within the scope of his duty when committing an intentional tort or even a criminal act such that § 41-4-4(B) and (D) imposed on the state a duty to defend and pay any judgment. Id. at 49.

As the court in McBrayer noted, nothing in the McBrayer opinion addresses a waiver of immunity for tort actions. Id. at 46 (noting that the lawsuit against the instructor was based on an allegation that he had violated federally protected rights under 42 U.S.C. § 1983, and that the lawsuit did not implicate the state's immunity from tort actions). The fact that the state must defend a non-law enforcement state employee in a federal civil rights lawsuit for conduct that would meet the elements of the tort of battery does not mean that the state has waived immunity for the tort of battery when committed by a non-law enforcement state employee. As the NMTCA makes clear, the waivers of immunity for torts are found in Sections 41-4-5 through 41-4-12 of the NMTCA, and the provisions in § 41-4-4 regarding the duty of the state to defend and

9

pay judgments are not waivers of immunity. Accordingly, Plaintiffs' battery claim will be dismissed with prejudice.

      B.      Plaintiff's Negligent Supervision Claim

Defendants seek dismissal of Plaintiffs' claim for negligent supervision aruing that there is no waiver of immunity for such a claim under the NMTCA. Plaintiffs urge that they have alleged facts in the Complaint that bring their claim within the waiver of immunity for negligent operation or maintenance of a public building found in § 41-4-6 of the NMTCA.

The courts of New Mexico have had several opportunities to interpret the waiver found in § 41-4-6 for factual scenarios similar to the facts alleged by Plaintiffs in this case. In Pemberton v. Cordova, 734 P.2d 254, 255 (N.M. App. 1987), a student was injured when he was struck by a fellow student on school property. The court concluded that the wavier of immunity for damages resulting from negligent operation or maintenance of a building did not authorize suit on a theory of negligent supervision. Id. In so holding, the court determined that the waiver in § 41-4-6 only applies when an injury occurs due to a physical defect in a building. Id. at 256.

In Bober v. New Mexico State Fair, 808 P.2d 614, 623 (N.M. 1991), the New Mexico Supreme Court disagreed with the Pemberton court's narrow interpretation of § 41-4-6 and held that the waiver for premises liability applies when, due to the negligence of a public employee, an injury arises from an unsafe, dangerous or defective condition on public property. In Bober, the court held that the State Fair was not immune from liability under the NMTCA for injuries to a motorist who was hit by a car exiting the fair grounds. Id. at 623. The plaintiff had alleged that her injuries were the result of the State Fair's negligence.

In Espinoza v. Town of Taos, 905 P.2d 718 (N.M. 1995), a child was injured at a public park during a city operated summer program when he fell from the top of a slide. The plaintiff

10

argued that a lack of supervision by program employees created an unsafe, dangerous or defective condition at the public park for which immunity had been waived. Id. at 721. The New Mexico Supreme Court concluded that the plaintiff's claim was one for negligent supervision, fell squarely within Pemberton, and immunity had not been waived for the claim. Id.

In Leithead v. City of Santa Fe, 940 P.2d 459 (N.M. App. 1997), a child who did not know how to swim suffered injuries after floating face down in a city owned swimming pool for at least four to five minutes. The plaintiffs sued the city for negligence based on the city's failure to provide adequate lifeguard services at the pool. Id. at 460. The city argued that the plaintiffs' claim was essentially a claim for negligent supervision for which immunity had not been waived. The court agreed with the city that "a claim of negligent supervision, standing alone, is not sufficient to bring a cause of action within the waiver of immunity created by Section 41-4-6." Id. at 461-62. However, the court held that the plaintiffs' claim was not one for negligent supervision. Id. at 462. In so holding, the court analyzed the prior cases in New Mexico and concluded that in cases where a plaintiff merely alleged negligent supervision resulting in an injury on public premises, no claim for premises liability is stated. Id. at 462. However, where a plaintiff alleges that negligent supervision creates an unsafe condition connected to the operation or maintenance of the physical premises, a claim for premises liability is stated for which immunity is waived. Id. The court enunciated that the focus of the analysis of the waiver in § 41-4-6 is on whether there has been created a dangerous condition on buildings or property owned and operated by the government. Id. at 463. The court ultimately concluded that a swimming pool without an adequate number of lifeguards creates a dangerous condition on the physical premises for which liability is waived under § 41-4-6.

If <u>Leithead</u> was the last statement from New Mexico courts on the waiver provision in § 41-4-6, I would conclude that Plaintiffs' claim for negligent supervision was not one for which immunity had been waived. Plaintiffs' Complaint alleges that:

> 14.   Socorro County Public School's operation of the school included a duty to insure that all employees maintain appropriate professional behavior while working with students and refrain from harassment, malicious or prejudicial treatment, and abridgement of student rights."
> 15.   Socorro County Public School's operation of the school included a duty to provide N.M. and K.S. with educational opportunities consistent with New Mexico law.
> 16.   Socorro County Public School's operation of the school included a duty to insure that its employees served as positive role models for students and set good examples in conduct.
> 17.   Socorro County Public School's operation of the school included a duty to insure that its employees were qualified and fit for the positions they were entrusted with.
> . . .
> 28.   As employees of Socorro County Public Schools, Defendants Armijo and Sloan owed Plaintiffs a duty to enforce and abide by all Socorro County Public Schools policies regarding the operation of the school and school activities.

Compl ¶¶ 14-17, 28.

Under <u>Leithead</u> and its predecessor cases, Plaintiffs' allegations fall short of alleging any negligence on the part of the Socorro County Public Schools or any public employee in the operation or maintenance of the school that created a dangerous condition on the **physical** premises of the school. However, the Supreme Court of New Mexico came out with a recent decision on this issue that leads me to conclude that Plaintiffs' allegations are adequate to state a claim for which immunity has been waived under § 41-4-6.

In <u>Upton v. Clovis Mun. Sch. Dist.</u>, 141 P.3d 1259 (N.M. 2006), a student with severe asthma died after her substitute physical education teacher required her to participate in strenuous activity, school personnel subsequently delayed calling for emergency medical assistance, and the student was wheeled out to the sidewalk and left alone to wait for medical assistance without any

school personnel performing any CPR or administering any other emergency protocol. The parents sued the Clovis school district alleging that school personnel acted negligently, causing the death of their daughter. The parents alleged that immunity was waived under § 41-4-6 for negligent operation or maintenance of a building. The New Mexico Supreme Court concluded that immunity was waived. Id. at 1265.

In reaching its holding, the court determined that the waiver provided for in § 41-4-6 applies when the negligent operation or maintenance of a building creates a dangerous condition that threatens the general public or a class of users of the building. Id. at 1261. The court went on to state that the holding in Leithead was based on allegations that public employees had failed to follow appropriate safety procedures at a public building or park and that this negligent implementation of safety protocols created a dangerous condition **arising from** the operation of the public facility. Id. at 1262 (empahsis added). The court then concluded that the failure of school personnel in the Clovis school to follow safety procedures easily fell within the waiver provision of § 41-4-6 because schools cannot operate safely without safety procedures for various types of emergencies, and a school district's failure to comply with such protocols created a dangerous condition.

By reinterpreting the holding of Leithead and reaching its ultimate holding in Upton, it appears that the New Mexico Supreme Court has broadened the waiver in § 41-4-6 by eliminating the requirement that a dangerous condition created by a negligent public employee actually be a dangerous condition with the physical premises of a public facility. The waiver now applies whenever a negligent public employee fails to implement safety procedures and consequently creates a dangerous condition arising from the operation of a public facility.

Plaintiffs' allegations include an allegation regarding the obligation of school employees to follow school policies regarding the operation of the school. See Compl. ¶ 28. Plaintiffs' allegations essentially allege that school personnel failed to follow safety procedures regarding the reporting of sexual abuse by students, and that this failure created a dangerous condition. Any distinction between the facts alleged in this case and the facts in Upton is a distinction of degree, albeit of huge degree, but without any substantive difference. Under Upton's broad interpretation of the waiver provision in § 41-4-6, I am compelled to conclude that Plaintiffs have alleged sufficient facts to survive Defendants' assertion of immunity at this stage of the case. I cannot conclude as a matter of law that Plaintiffs do not state a claim for which immunity is waived under § 41-4-6 and Defendants' motion to dismiss this claim is accordingly denied.[3]

## III. PUNITIVE DAMAGES

Defendants contend that Plaintiffs' request for punitive damages should be dismissed with regard to Plaintiffs' 42 U.S.C. § 1983 claims against Defendant Socorro County Public Schools and Defendants Armijo and Sloan to the extent they are sued in their official capacities. Plaintiffs respond that punitive damages are available against state actors under § 1983 and are available under the New Mexico Tort Claims Act.

Defendants are correct that 42 U.S.C. § 1983 bars punitive damage awards against municipal agencies such as the Socorro County Public Schools. See Miller v. City of Mission, Kansas, 705 F.2d 368, 377 (10th Cir. 1983) (quoting City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)). Accordingly, Plaintiffs may not recover punitive damages against the

---

[3]This conclusion is, of course, based on the standards of Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. Thus, the conclusion that immunity is waived for Plaintiffs' claim is based solely on the allegations of the Complaint and does not foreclose Defendants from asserting immunity at later stages of this litigation.

Socorro County Public Schools for any violation § 1983, and Plaintiffs' request for punitive damages is dismissed to the extent it requests punitive damages against Socorro County Public Schools under § 1983.

A suit against a state actor in his or her official capacity is the same in all respects as a suit against the governmental entity itself.  Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996) (citing  Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  Accordingly, Plaintiffs may no more recover punitive damages in a suit against a Defendant in his or her official capacity than they may recover them against the Socorro County Public Schools, and Plaintiffs' request for punitive damages is dismissed to the extent it requests such damages against any Defendant in his or her official capacity.

In support of their argument that punitive damages are recoverable under the NMTCA, Plaintiffs cite to N.M. Stat. Ann. 1978 § 41-4-4(C) which provides:

> A governmental entity shall pay any award for punitive or exemplary damages awarded against a public employee under the substantive law of a jurisdiction other than New Mexico, including other states, territories and possessions and the United States of America, if the public employee was acting within the scope of his duty.

This Section does not, in fact, provide that punitive damages are available under the New Mexico Tort Claims Act.  It is merely an indemnity provision for awards of punitive damages under the substantive laws of jurisdiction **other than New Mexico** and has nothing to do with the availability of punitive damages under the substantive law of New Mexico including the New Mexico Tort Claims Act.

On the other hand, Section 41-4-19(C) of the New Mexico Tort Claims Act provides that, "[n]o judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive

15

damages or for interest prior to judgment." This section makes clear that punitive damages are not available for tort claims brought pursuant to the waiver of immunity in the New Mexico Tort Claims Act. Accordingly, all Defendants are entitled to dismissal of Plaintiffs' request for punitive damages to the extent they request such damages for state tort actions brought pursuant to the New Mexico Tort Claims Act.[4]

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Page Limit Extension (Doc. 15) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 8) is hereby GRANTED IN PART in that:

1. Plaintiffs' Constitutional claims under 42 U.S.C. § 1983 against Defendants Sloan in her individual capacity and the Board Members of the Socorro County Public Schools in their individual capacities are hereby DISMISSED WITH PREJUDICE.

2. Plaintiffs' state tort law claim of battery is hereby DISMISSED WITH PREJUDICE with regard to all Defendants.

3. Plaintiffs' request for punitive damages under 42 U.S.C. § 1983 against the Socorro County Public Schools and any Defendant in his or her official capacity is hereby DISMISSED WITH PREJUDICE.

4. Plaintiffs' request for punitive damages for violations of state tort law brought pursuant to the New Mexico Tort Claims Act is hereby DISMISSED WITH PREJUDICE with regard to all Defendants.

---

[4]This ruling does not affect Plaintiffs' request for punitive damages for their remaining constitutional claims against individuals sued in their individual capacities.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 8) is hereby DENIED IN PART with regard to Plaintiffs' state tort law claim of negligent supervision.

_____
UNITED STATES DISTRICT JUDGE