IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINE BENJAMINS, as parent
and guardian of minor child N.M.,
and VANESSA JONES as parent
and guardian of minor child K.S.,

    Plaintiffs,

vs.                                                                                                  Civil No. 06-84 WJ/RLP

CHRISTOPHER ARMIJO, KEARL
SLOAN, and SOCORRO COUNTY
PUBLIC SCHOOLS,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Reconsideration (Doc. 27) and Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 26). These motions are intertwined as explained below, and I therefore consider them together. A hearing on the motion was scheduled for April 11, 2007 at 9:15 a.m. Plaintiffs' counsel did not appear at the hearing.[1] Thus, based on the submissions of the parties and the relevant law, I conclude that the motion to reconsider is not well taken and will be denied. The motion to amend the complaint will be denied in part and granted in part as further explained herein.

**BACKGROUND**

---

[1] The Court is using a new electronic filing system, CM/ECF, and under this new system, there have been some problems with parties getting proper notice. Thus, it is not clear whether Plaintiffs' counsel's failure to appear at the hearing was due to lack of notice or inattention.

The essential facts of this case, based on the allegations in Plaintiffs' original complaint, are laid out in this Court's Memorandum Opinion and Order filed December 7, 2006 (Doc. 25) and will only be repeated here as necessary to address the pending motions.

In 2002, K.S. and N.M. were nine-year-old female students at a Socorro County Public Elementary School.  On or about December 2002, Defendant Armijo, a teacher's aide at the school, sexually molested K.S., N.M. and another nine-year-old female student while they were in their classroom watching a movie.  Shortly after the incident, the girls reported the molestation to the school principal, Defendant Kearl Sloan.  Defendant Sloan accused the girls of lying and told them to get out of her office.  She refused to allow K.S. to call her mother.  Defendant Sloan made no investigation of the incident and did not report the incident.  Defendant Armijo was permitted to continue his employment as a teacher's aide with the school, but there were no further incidents of sexual abuse.  Because of Defendant Sloan's reaction to their report, K.S. and N.M. were fearful of reporting the molestation to other authority figures or to their parents.  The girls suppressed their recollection of the molestation and did not report it to their parents until approximately December 2004.  N.M. and K.S. suffered severe psychological injuries  and emotional distress that are likely to continue into the foreseeable future.

By Memorandum Opinion and Order filed December 7, 2006 (Doc. 25), I dismissed Plaintiffs' claims against Defendant Sloan in her individual capacity based on qualified immunity because Plaintiffs had failed to adequately allege supervisory liability.  Plaintiffs now seek reconsideration of that decision on the basis of a proposed amendment to their complaint that would "clarify" their claim against Sloan by alleging that Sloan's failure to take proper remedial steps deprived Plaintiffs of their constitutionally protected interest in educational opportunities.

Plaintiffs also seek to amend their complaint to clarify their Monell claims against the governmental Defendants.  I had noted in my December 7, 2006 Memorandum Opinion and Order that Plaintiffs' arguments opposing dismissal of some of the individual Defendants were based on a theory of governmental entity liability based on policies and practices under the principles of Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978) so had no bearing on the liability of individual defendants in their individual capacities.  See Doc. 25 p. 5.  In a footnote I mentioned that Plaintiffs' complaint did not so clearly allege a Monell claim, but that I would not address whether such a claim was adequately alleged because the issue had not been raised in Defendants' motion.

Plaintiffs' motion to amend also seeks to amend their claims against Defendant Armijo to allege violations of equal protection and due process because Armijo chose to only sexually molest females and not males.

**LEGAL STANDARD**

"A motion for reconsideration filed prior to final judgment is nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., 2007 WL 80698 *4 (10th Cir. Jan. 12, 2007) (unpublished opinion) (citing Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)).  Thus, the Court is not bound by the standards of Fed. R. Civ. P. 59(e) or 60(b) in ruling on a motion for reconsideration filed prior to final judgment.  Trujillo, 2007 WL 80698 *4.

Requests for leave to amend pleadings should be liberally granted.  Fed. R. Civ. P. 15. The decision whether to grant leave to amend after the permissive period is within the trial court's discretion.  Orr v. City of Albuquerque, 417 F.3d 1144, 1153 (10th Cir. 2005).  A district court

3

abuses its discretion when its decision is arbitrary, capricious, whimsical, or manifestly unreasonable. Among the reasons that justify a refusal to grant leave to amend are prejudice to the opposing party and futility of amendment. Castlegen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Plaintiffs' Motion for Reconsideration relies, as grounds for reconsideration, on the proposed amended pleading accompanying the motion to amend. Accordingly, the Court cannot decide the motion to reconsider without addressing the motion to amend. However, the fact that the motion to amend is aimed, in part, at rejuvenating previously dismissed claims against a Defendant in this action certainly plays into the Court's consideration of the motion to amend.

As noted previously, the Court dismissed all claims against Defendant Sloan in her individual capacity based on qualified immunity. The defense of qualified immunity is designed to shield public officials from erroneous suits as well as liability and protects all but the plainly incompetent or those who knowingly violate the law. Holland v Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). For this reason, when a defendant asserts the defense of qualified immunity in the early stages of litigation, discovery and other processes of the litigation are often stayed pending the ruling on the defense. See Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992). The value of qualified immunity as a shield from the burdens of litigation would be greatly reduced, if not completely annihilated, if plaintiffs could routinely use the Court's legal analysis in a Memorandum Opinion and Order dismissing claims on the basis of qualified immunity as an instruction manual to amend their complaint to "cure defects" and reassert the dismissed claims. This would cause extreme prejudice to defendants.

4

Even if prejudice to Defendant Sloan were not a strong factor counseling a denial of Plaintiffs' motion to amend and motion to reconsider, the proposed amendment with regard to Defendant Sloan would be futile. In the Memorandum Opinion and Order dismissing the claims against Defendant Sloan in her individual capacity, I noted that, in order to show that Sloan should be held personally liable for Defendant Armijo's conduct, Plaintiffs must allege facts from which it can be inferred that Defendant Sloan (1) received notice of a pattern of violations of Plaintiffs' constitutional rights to be free from sexual abuse at the hands of the school's employees; (2) displayed deliberate indifference to or tacitly authorized the unconstitutional acts; (3) failed to take proper remedial steps; and (4) that Defendant Sloan's failure to take proper remedial steps caused the Plaintiffs' constitutional injury. Gates v. Unified School District No. 449 of Leavenworth County Kan., 996 F.2d 1035, 1041 (10th Cir. 1993). There must be an affirmative link to connect the supervisor with the alleged constitutional violation. Id. at 1042. I then concluded that Plaintiffs had adequately alleged the first three requirements but had failed to allege any facts from which it could be inferred that Defendant Sloan's failure to take proper remedial steps caused Plaintiffs' constitutional injuries. This was because there was no allegation that Defendant Armijo had sexually molested the girls after Sloan failed to take remedial measures, and the only alleged "result" of Sloan's failure to take remedial measures was Plaintiffs' pain, suffering and other nonconstitutional harms.

Plaintiffs' attempt to "cure" this defect and "clarify" their claim of supervisory liability against Sloan is to allege in the proposed amended complaint that Plaintiffs suffered a constitutional injury as a result of Sloan's failure. The alleged constitutional injury is the deprivation of an educational opportunity. However, this allegation fares no better than their allegations of pain and suffering, because it is not just any constitutional injury that will give rise

5

to supervisory liability.  In attempting to hold Sloan liable for supervisory liability, Plaintiffs are attempting to hold her liable for the harm caused by her subordinate, Defendant Armijo.  Thus, the link that must be established for supervisory liability to attach is a link between Sloan's failure to take remedial action and the harm caused by Armijo.  The harm caused by Armijo was, of course, the alleged sexual abuse, and Plaintiffs new allegations do not establish that Sloan is responsible for this harm based on her failure to take remedial action.  Supervisory liability is premised on a supervisor's liability for **the** constitutional violation of his or her subordinate based on his or her failure to take steps to prevent **that** conduct which results in additional harm from **that** conduct.  Plaintiffs' allegations of **different** constitutional harm does nothing to cure or clarify a claim against Sloan for supervisory liability.  Accordingly, these amended allegations do not state a claim for supervisory liability that could survive a motion to dismiss, and such an amendment would be futile.  See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999) (A proposed amendment is futile if the claim, as amended, would not survive a motion to dismiss).

I conclude that Defendant Sloan would be greatly prejudiced if Plaintiffs were permitted to amend the Complaint to reassert the claims against Sloan in her individual capacity that were previously dismissed on the basis of qualified immunity.  Additionally, I conclude that the proposed amendment would be futile.  Accordingly, I will deny Plaintiffs' motion to amend their Complaint to reassert these claims against Defendant Sloan, and, by extension, will deny Plaintiffs' motion for reconsideration.

Plaintiffs' motion to amend also seeks to amend their Complaint to more clearly state a Monell claim.  Defendants oppose the amendment with regard to the Monell claim on the basis that the proposed amended complaint does not contain sufficient specific factual allegations to

6

support the general allegations with regard to municipal policies and customs.  However, Fed. R. Civ. P. 8 does not require that a complaint express specific factual allegations to support the general allegations.  See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998) (the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations).  Defendants also argue that it is not clear that a failure to train claim will lie against a school district.  While Defendants' arguments might be good fodder for a motion to dismiss or for summary judgment, they do not conclusively establish that Plaintiffs' proposed Monell amendments would be futile.  Accordingly, these amendments will be permitted in accordance with Fed. R. Civ. P. 15.

Plaintiffs' motion to amend seeks to amend the claims against Armijo to include claims for due process and equal protection violations because "Defendant Armijo's actions in choosing to only sexually molesting [sic] females and not males was a violation of the minor girls [sic] rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment . . .."  The Court finds it confusing that Plaintiff seeks to amend to state a claim that is already stated in the original Complaint.  See Complaint ¶ 34 and compare Proposed First Amended Complaint ¶ 40, attached to Plaintiffs' Motion to Amend.[2]  Defendants did not oppose the amendment of claims against Defendant Armijo.  Accordingly, there is no basis for a denial of the motion to amend with respect to the claims against Defendant Armijo, and the motion will be granted with regard to these claims.

---

[2]The Court notes that Plaintiffs' equal protection claim is awkwardly stated and implies that a teacher must molest male and female students to avoid an equal protection violation which is certainly not the law on equal protection.  However, Fed. R. Civ. P. 8 does not require artful pleading.

7

While I have granted Plaintiffs' motion to amend in part, Plaintiffs may not file the proposed amended complaint attached to their motion to amend because it contains the proposed amendments concerning Defendant Sloan that I have ruled will not be permitted.  Accordingly, Plaintiffs must draft a new amended complaint in accordance with this Memorandum Opinion and Order.  Plaintiffs are instructed not to add any new allegations to the amended complaint that were not contained in the proposed amended complaint submitted with the motion to amend.  Additionally, Plaintiffs are instructed to remove all amended allegations in the proposed amended complaint that relate to claims against Defendant Sloan in her individual capacity as described herein.  Plaintiffs must then submit a draft of the amended complaint as an attachment to a motion for approval of the amended complaint.  If Defendants do not object to the draft, in the form of a response to the motion for approval, on the basis that it does not comply with this Memorandum Opinion and Order, the Plaintiffs will be permitted to file the amended complaint.  If Defendants do object on the basis that the proposed amended complaint does not comply with this Memorandum Opinion and Order, the Court will address the issues raised and provide further guidance.

**CONCLUSION**

     IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (Doc. 27) is hereby DENIED.

     IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 26) is hereby GRANTED IN PART AND DENIED IN PART as described herein.

IT IS FURTHER ORDERED that Plaintiffs submit a new proposed amended complaint in accordance with the instructions herein by Friday April 27, 2007.

```
_____
UNITED STATES DISTRICT JUDGE
```